[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
All counts of the amended complaint ("complaint") dated March 13, 2000 allege that:
 1) On August 8, 1996, the defendant James Herbert ("Herbert"), a Stamford police officer, issued to a female, who reported to Herbert that her name was Kelli Smith and that her date of birth was June 12, 1967, a complaint ticket ("ticket") alleging a violation of § 53-181 of the General Statutes (unless otherwise indicated, further section references are to the General Statutes) for soliciting a ride in a motor vehicle, an infraction;
 2) The person to whom the ticket was issued failed to CT Page 10934 pay the fine provided on the ticket, or to plead to the charge of violating § 53-181, and a warrant ("warrant") was the issued for her arrest for failure to pay or plead, a violation of § 51-164r;
 3) The plaintiff, whose name is Kelli Smith and whose date of birth is June 12, 1967, was arrested (the "arrest") pursuant to the warrant;
 4) The plaintiff is not the person to whom the ticket was issued;
 5) On March 13, 1997, the charge against the plaintiff for failure to pay or plead was nolled; and,
 6) As a result of the arrest, the plaintiff suffered, inter alia, emotional distress, expense for medical treatment of injuries which she sustained when she was assaulted while being held in custody following the arrest as well as expense for engaging an attorney to represent her on the charge of failure to pay or plead.
The complaint contains seven counts, which are captioned by the plaintiff, in paraphrased form, as follows:
 First count, claim against Herbert, as a police officer, under 42 U.S.C. § 1983 ("1983") for violation of rights under the United States Constitution;
 Second count, claim against Herbert, as a police officer, for violation of rights under the Connecticut Constitution;
 Third count, claim against Herbert, as a police officer, for false arrest and false imprisonment;
 Fourth count, claim against Herbert, as a police officer, for malicious prosecution;
 Fifth count, claim against Herbert, as a police officer, for negligent infliction of emotional distress; CT Page 10935
 Sixth count, claim against Herbert, individually, for false arrest, false imprisonment, arrest without probable cause and malicious prosecution under 1983 and Connecticut law; and,
 Seventh count, claim against City of Stamford as employer of Herbert under § 7-465.
The plaintiff has submitted her own affidavit, which supports the allegations of the complaint, in opposition to the motion for summary judgment.
The defendants have submitted a photocopy of the ticket which reflects that the person to whom the ticket was issued stated her name was Kelli Smith and her birth date was June 12, 1967, and provided a residential address. There is no signature on the line which is provided for the signature of the recipient of the ticket.
The defendants, who, in addition to Herbert, are the Stamford Police Department and the City of Stamford, have denied the substantive allegations of all counts and have filed the following special defenses:
 Qualified immunity for Herbert under state and federal law;
 Qualified immunity for the City of Stamford under state and federal law; and
Expiration of applicable statutes of limitation.
DISCUSSION
 First Count (1983 claim)
The United States Supreme Court has determined that qualified immunity attaches to the act of a government official, unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. . . ." (Internal quotation marks omitted.) Harlow v. Fitzgerald, 457 U.S. 800,815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
The complaint does not allege that Herbert knew his issuance of the ticket would violate the plaintiff's rights, nor does it allege that he CT Page 10936 issued the ticket with malice. In the absence of an allegation of scienter or malice, Herbert's issuance of the ticket was protected by an immunity from suit, and summary judgment is entered for the defendants on the first count.
Second Count (Claim under Connecticut Constitution) and Third Count(False arrest and false imprisonment)
While not entirely clear, the second count seems to claim that the plaintiff enjoys rights under the Connecticut Constitution to be free from false arrest and from arrest without probable cause. If Connecticut recognizes an action for damages for this type of alleged deprivation of state constitutional rights, the elements of such an action must include the elements of the torts of false arrest and false imprisonment, which are the torts asserted in the third count. Therefore, the second and third counts are addressed collectively.
The plaintiff alleges that Herbert's issuance of the ticket was a "grossly negligent" act which was the "proximate and efficient cause of an illegal arrest warrant being issued without probable cause . . ." Since Herbert did not arrest or imprison the plaintiff, these are not garden variety false arrest or false imprisonment claims. Rather, they are in the nature of traditional negligence claims which require proof of duty, breach and foreseeable consequences. Assuming, for purposes of this motion, that Herbert had a duty to the plaintiff not to issue a ticket in her name to someone who impersonated her, and assuming that he breached that duty, the question is whether, in doing so, he enjoyed qualified immunity.
The duty which the plaintiff claims Herbert breached is framed in paragraph 12 of the second and third counts as follows:
 "(Herbert) owed a duty to the plaintiff to make a reasonable effort to identify the female person who gave her name to him as Kelli Smith with a birth date of June 12, 1967."
The defendants have submitted, in support of the motion, a copy of the front page of the book of infraction tickets prepared by the State of Connecticut for use by municipal police officers, which contains instructions for the issuance of tickets. That page states, in part:
 "If the accused refuses to sign the original, print "REFUSED' on the signature line."
As previously noted, the photocopy of the ticket submitted by the CT Page 10937 defendants reflects neither a signature nor the word "REFUSED" on the signature line. Accordingly, it is unknown whether Herbert actually asked the person to whom he issued the ticket to sign it.
Without question, the enforcement of the criminal laws of Connecticut, and the making of arrests and the issuance of tickets for their violation, are all governmental (as opposed to proprietary) functions. Those performing governmental functions enjoy qualified immunity from suit for their performance of those functions, unless that performance involves merely ministerial acts which don't require the exercise of judgment or discretion. Elliott v. Waterbury, 245 Conn. 385 (1998). Accordingly, the issue is whether Herbert's issuance of the ticket to a person who, when asked to identify herself, provided a name, address and date of birth, and either was not asked, or refused, to sign the ticket, was merely ministerial or involved the exercise of discretion or judgment.
The trier could conclude that the distribution, by the state, to police officers of instructions concerning the mechanics of issuing tickets eliminates the use of judgment or discretion by officers as to those mechanics (although, of course, judgment and discretion are essential in an officer's decision about whether to issue a ticket). If the trier so concludes and also finds that Herbert was negligent in the manner in which he issued the ticket, Herbert's negligent act, involving no judgment or discretion, would not be protected by privilege. Because those questions present material issues of fact to be decided on the second and third counts, the motion for summary judgment is denied as to them.
Fourth Count (Malicious prosecution)
Paragraph 15 of the fourth count alleges that Herbert's issuance of the ticket "was the proximate cause of the plaintiff' (sic) being arrested and incarcerated without probable cause and with malice." Since malice would defeat Herbert's claim of qualified privilege, the issue of malice is material. The question thus becomes whether the mere allegation of malice presents a question of fact.
The defendants have submitted an affidavit from Herbert in which he states; "I have no specific memory of Kelli Smith . . ." That affidavit also states, "I acted in good faith and in the reasonable belief that there was probable cause
Because Herbert's affidavit establishes that he has no present recollection of the issuance of the ticket, his assertion that he acted in good faith in doing so is obviously without foundation and is not the CT Page 10938 type of material which can be considered in connection with a motion for summary judgment. Further, malice is a state of mind which, absent an admission from the person charged, can only be proven by inference, so that substantial latitude must be afforded on summary judgment to one alleging malice. Finally, it is the burden of the movant to establish the absence of material questions of fact, which Herbert has not done. Accordingly summary judgment is denied as to the fourth count.
Fifth Count (Negligent Infliction of Emotional Distress)
The defendants have not specifically briefed the issue of negligent infliction of emotional distress, and so summary judgment is denied as to the fifth count.
Sixth Count (Against Herbert Individually)
The defendants have not specifically briefed the issues involved in the claims against Herbert individually, and so summary judgment is denied as to the sixth count.
Seventh Count (Against Municipal Employer)
The defendants have not specifically briefed the issues involved in city's derivative liability, and so summary judgment is denied as to the seventh count.
G. Levine, J.